# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     No. CR-07-615 WJ

TOBY MARTINEZ,
RAUL PARRA,
MANNY ARAGON,
SANDRA MARTINEZ,
a/k/a/ "Sandra Mata,"
and MICHAEL MURPHY

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING REQUEST FOR STAY PENDING INTERLOCUTORY APPEAL

THIS MATTER comes before the Court upon Defendant Toby Martinez' "Memorandum of Law in Support of a stay Pending Interlocutory Appeal," filed May 1, 2008 **(Doc. 279)**, which the Court construes as a motion requesting a stay pending the appeal. Having considered the parties' briefs and the applicable law, I find that Defendants'[1] request is not well-taken in that the stay will be denied.

## Background[2]

This genesis of this motion arises from the Court's ruling on Mr. Martinez' motion to

---

[1] While Toby Martinez has filed the motion, the underlying motions, as well as the most recent Notice of Appeal were filed by his wife Sandra Martinez, as well. For this reason, the Court refers to both Mr. and Mrs. Martinez as movants in the request for a stay.

[2] A more detailed recitation of the chronology of events can be found in the parties' briefs.

release certain properties restrained by the Government in the course of its prosecution against him in this case (hereinafter, "Joint Motion"). See Joint Motion for Release of Property, Doc. 94. The Court granted that motion in part and denied it in part, ruling that: (1) the restraining orders were legally authorized by both 28 U.S.C. § 2461 and 18 U.S.C. § 982; (2) the Government had no legal authority to restrain certain substitute assets, but the issue was moot because these restraining orders had already been vacated on the Government's motion; and (3) there was no merit to Defendants' argument that the assets were "commingled" and thus protected from pre-conviction restraint. Doc. 239.

At that time, the Court did not rule on whether Defendants were entitled to a Jones hearing.[3] However, the Court made a finding that Defendants had satisfied the first requirement for a Jones hearing, having made a showing that Defendants had no assets, other than those restrained, with which to retain private counsel and also provide for themselves and their family. The Court deferred making a finding on the second requirement pending an *in camera* review of certain documents in order to determine whether there was reason to believe the grand jury had erred in determining that the restrained assets constituted, or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

Defendants filed a Notice of Appeal and request for stay on March 21, 2008 (Doc. 243). Both parties subsequently agreed that the appeal was not ripe in the absence of the Court's ruling on the Jones hearing, and Defendants withdrew the notice and request for stay on April 15, 2008 (Doc. 253).

---

[3] A Jones hearing is an adversarial hearing at which the Government must establish probable cause to believe that the restrained assets are traceable to the underlying offense.

On April 16, 2008, the Court filed its decision denying Defendants' request for a <u>Jones</u> hearing.  Doc. 257.  On April 23, 2008, Defendants filed an amended Notice of Appeal (Doc. 260), notifying the Court of their intention to challenge the rulings contained in the Court's Orders regarding the restraint of their assets.  Thus, the instant request for stay and Defendants' filing a Notice of Appeal revisits the issues which were put on hold previously:  whether Defendants' Notice of Appeal is valid and if so, whether a stay of some kind is required.

**Discussion**

In their request for a stay, Defendants contend that the filing of the Notice of Appeal divests the Court of all jurisdiction.  The Government's position is that the Notice of Appeal is a nullity.  It argues that the Court's denial of the joint motion for return of property -- including the denial of the <u>Jones</u> hearing, are not final orders, and are not subject to interlocutory appeal under the collateral order doctrine.  The Government further contends that should the Court enter a stay, the stay should encompass only those aspects of the case involved in the appeal, namely, the pretrial restraining orders, and not extend to the trial of the underlying criminal charges.  The Court's ruling falls somewhere between the two positions, in that Defendants' Notice of Appeal is valid under the collateral order doctrine, but a stay of the case is not warranted.

**I.      Whether Notice of Appeal is Valid**

A district court loses jurisdiction over appeals from final orders.  To be "final," a decision ordinarily "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Mesa Oil, Inc. v. U.S.</u>, 467 F.3d 1252, 1254 (10th Cir. 2006) (citing 28 U.S.C. § 1291).  Neither party argues that Defendants' appeal is from a final order, as the instant case has not yet proceeded to trial. Rather, the parties disagree over whether the Notice of Appeal fits

3

within the "collateral order" exception to the final-judgment rule.

The "collateral order" doctrine was first announced in <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541 (1949), and allows appeal from interlocutory orders which are considered "final decisions" within the meaning of § 1291. A case fits within the "collateral order" exception when *all* of three stringent conditions are met: (1) the order must conclusively determine the disputed question; (2) it must resolve an important issue completely separate from the merits of the action; and (3) it must be effectively unreviewable on appeal from a final judgment. These conditions are stringent. <u>Mesa Oil, Inc. v. U.S.</u>, 467 F.3d 1252, 1254 (10th Cir. 2006).

The Government argues this issue is not immediately appealable under the collateral order doctrine because it does not meet the third element. However, one cannot ignore several Tenth Circuit cases which have, albeit without much analysis, exercised jurisdiction under the collateral order doctrine over appeals regarding restraint of assets. <u>See</u>, <u>U.S. v. Jarvis</u>, 499 F.3d 1196, 1198 (10th Cir. 2007) (appeal regarding government's use of state lis pendens statute on defendants' properties); <u>U.S. v. Jones</u>, 160 F.3d 641, 644 (10th Cir. 1998) (appealing lack of pre-trial hearing to challenge grand jury's findings resulting in forfeiture); <u>U.S. v. Musson</u>, 802 F.3d 384, 385 (10th Cir. 1986) (recognizing an exception to the final judgment rule in a federal criminal forfeiture case where "the disputed issues [involving the propriety of a restraining order] are collateral to and separate from the issue of the defendants' guilt or innocence"). The Government attempts to distinguish these cases factually in order to argue the lack of immediate appealability in this case, but those arguments are extremely weak. As a result, the Court finds that Defendants' Notice of Appeal is valid.

The remaining question is whether Defendants' filing of that Notice divests this Court of

jurisdiction over the case, which I turn to next.

## II.    Whether a Stay Should be Entered in Toby Martinez' Case

The filing of a notice of appeal generally divests the district court of jurisdiction over the issues on appeal, but the district court retains jurisdiction over collateral matters. Lancaster v. Indep. Sch. Distr. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998); see also, Janousek v. Doyle 313 F.2d 916 (8th Cir. 1963) (district court could still retain jurisdiction over matters which are not involved in the appeal).  The issues on appeal are the following: (1) the pre-trial restraint provision of the Comprehensive Forfeiture Act, 21 U.S.C. § 853 ("CAFRA") does not apply to the instant charges; (2) the Comprehensive Forfeiture Act does not permit the restraint of any of the challenged property because such property has been "commingled with other property which cannot be divided without difficulty" (and would therefore be unavailable for forfeiture or restraint); and (3) Defendants' request for *Jones* hearing was not frivolous.

Defendants contend that the Government's prosecution against Mr. Martinez must be stayed in its entirety because the issues on appeal involve Sixth Amendment issues.[4]  However, while the Sixth Amendment is implicated, it is not part of the merits for the issues on appeal. The central inquiry for the Court of Appeals is whether this Court's conclusions regarding the restraining orders were legally correct.  At the hearing, counsel for Mr. Martinez also argued that, should the Court proceed to trial and a conviction be obtained, the Court could not ask a jury to

---

[4]   The Court is aware that under Caplin & Drysdale, Chartered v. U.S., 491 U.S. 614, 617 (1989) and U.S. v. Monsanto, 491 U.S. 600, 613-14 (1989), Defendants would not be permitted to argue Sixth Amendment right to counsel where assets or property have been properly restrained.  However, Defendant Toby Martinez does not argue that the restraining orders are invalid *because* they deprive him of choice of counsel.  Rather, he contends that as a *result* of improper restraining orders, he is deprived of his choice of counsel under the Sixth Amendment.  Thus, the holdings of Caplin and Monsanto are not involved.

decide forfeiture issues while an appeal was pending. Counsel argued that doing so would be asking the jury to decide the very issues which are on appeal. The Court disagrees. The issues on appeal involve the application of forfeiture statutes to *pretrial* restraint of assets. According to Defendants' statement of the issues on appeal, they are disputing the applicability of the forfeiture statutes to *pretrial* restraints, not to the forfeiture process following a conviction.

What the Court finds persuasive are the cases cited by the Government, including a Tenth Circuit case, which note that the underlying criminal case can proceed during an interlocutory appeal of forfeiture issues. See, e.g., U.S. v. Ferrantino, 738 F.2d 109 (6th Cir. 1984) (district court retained jurisdiction to proceed with trial during interlocutory appeal on restraint of assets); Musson, 802 F.2d 384 (finding that the court of appeals had jurisdiction to review the district court's interlocutory order relating to restraint of assets, where "the disputed issues are collateral to and separate from the issue of the defendants' guilt or innocence") (citing United States v. Ferrantino, 738 F.2d 109, 110 (6th Cir.) and United States v. Spilotro, 680 F.2d 612, 615 (9th Cir.)).

In sum, the Court finds that Defendants' Notice of Appeal comes within the collateral order exception to the final judgment rule, and that the matters on appeal are collateral to the merits of the case. Accordingly, a stay will extend only to matters related to the pretrial restraint of assets which are being appealed, and will not extend to the trial of the underlying criminal charges.[5]

---

[5] Because the Court is retaining jurisdiction over the case on the basis that the matters on appeal are collateral to the merits of the case, the Court need not make findings concerning whether the appeal is frivolous. See, McCauley v. Halliburton Energy Services, Inc., 413 F.3d 1158, 1161 (10th Cir. 2005) (qualified immunity context); U.S. v. Farmer, 923 F.2d 1557, 1566 (11th Cir. 1991) (double jeopardy context); United States v. Dunbar, 611 F.2d 985 (5th Cir.),cert.

**THEREFORE,**

**IT IS ORDERED** that Defendants' request for a stay, captioned as "Memorandum of Law in Support of a stay Pending Interlocutory Appeal" **(Doc. 279)** is hereby DENIED for reasons set forth in this Memorandum Opinion and Order.[6]

_____
UNITED STATES DISTRICT JUDGE

---

denied, 447 U.S. 926 (1980) (if district court makes written findings that a double jeopardy claim is frivolous or dilatory, then the interlocutory appeal does not divest the district court of jurisdiction, thus permitting the retrial to proceed).

[6] The Court's ruling is considered a denial of the motion, since Defendants do not request relief in the alternative, in the form of a limited stay on matters relating to the restraint of assets.